# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                    CASES NO. 4:13cr107-RH/CAS
                                                        4:16cv629-RH/CAS

ROBERT EDWARDS,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

A jury convicted the defendant Robert Edwards on three counts: possessing a firearm as a convicted felon, possessing a stolen firearm, and possessing a short-barreled firearm. He actually possessed 14 firearms, many stolen. The guideline range was 168 to 210 months in custody. Based on the factors in 18 U.S.C. § 3553(a), Mr. Edwards's sentence was 120 months, a downward variance. This was a favorable result.

Mr. Edwards has moved for relief under 28 U.S.C. § 2255. The motion first came before the court on the magistrate judge's report and recommendation, ECF No. 81, and the pro se objections, ECF No. 84. Mr. Edwards's primary contention was that his trial attorney, Mutaqee Akbar, rendered ineffective assistance by

failing to move to suppress evidence seized from Mr. Edwards's bedroom in his mother's residence.

The background is this. After Mr. Edwards made a controlled sale of drugs to a confidential informant, officers conducted a traffic stop on the car Mr. Edwards drove away from the transaction. The stop was lawful; Mr. Edwards does not and could not plausibly assert the contrary. Deana Sutton was a passenger in the car.

Officers found three guns in the car. Two were handguns within Mr. Edwards's reach, including one in the driver's side door. Officers took both Mr. Edwards and Ms. Sutton to the sheriff's office for an interview. In due course Ms. Sutton consented to a search of a bedroom in Mr. Edwards's mother's house. Mr. Edwards lived in that bedroom. Ms. Sutton told officers that she lived there, too. Her consent was sufficient to authorize the search. Ms. Sutton told officers there were multiple guns in the bedroom. Officers found 11 guns where Ms. Sutton said they would be.

In his 2255 motion, Mr. Edwards does not deny that Ms. Sutton consented to the search. Indeed, she signed a written consent form. Mr. Edwards asserts, though, that Ms. Sutton told him at the time that she was coerced into giving consent. Even crediting that assertion, this does not show that Ms. Sutton was in fact coerced or that Ms. Sutton would have testified that she was. Nor does this indicate that Ms.

Sutton would so testify now. If Ms. Sutton did tell Mr. Edwards she was coerced, the more likely explanation is that she was making an excuse to Mr. Edwards for cooperating with law enforcement. This conclusion is supported by other circumstances, including, for example, the implausibility of Mr. Edwards's assertions now that Ms. Sutton was no longer his girlfriend at the time of the search and that she had never lived in that residence. These assertions are in tension, if not flatly inconsistent, with undisputed facts: Ms. Sutton was a passenger in Mr. Edwards's car at that time and knew where his guns were located in the house.

To give Mr. Edwards the benefit of every doubt, I appointed an attorney to represent him on this issue. The attorney attempted to reach out to Ms. Sutton but got no response. The record includes a proffer of Mr. Akbar's testimony; the proffer does not support Mr. Edwards. With no prospect of favorable testimony from either Ms. Sutton or Mr. Akbar, an evidentiary hearing would serve no purpose. Mr. Edwards could testify consistently with the assertions in his motion, but this still would not support a finding that Ms. Sutton was coerced.

In any event, as the report and recommendation correctly notes, a defendant may obtain relief based on ineffective assistance of counsel only on a showing of both deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Without supporting testimony from Ms. Sutton or Mr. Akbar, Mr.

Edwards cannot show deficient performance. He also cannot show prejudice. Even without the evidence seized from the bedroom, the evidence of Mr. Edwards's guilt was overwhelming; three guns were seized from the car he was driving. Any suppressed evidence would properly have been considered on sentencing, so the sentence would have been the same, even had Mr. Edwards filed and won a suppression motion.

Finally, a more general note about the case. Mr. Edwards possessed 14 guns, many stolen, one with a short barrel. He had a substantial criminal history. His guideline range was 168 to 210 months. Mr. Edwards obtained a favorable result— a downward variance. Mr. Edwards did not receive ineffective assistance of counsel.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the further opinion of the court. The § 2255 motion, ECF No. 69, is denied.

SO ORDERED on September 13, 2018.

s/Robert L. Hinkle
United States District Judge